The I'll give everybody a chance to get organized here. Mr. Driscoll, whenever you're ready. May it please the Court. We have one issue here on appeal. Did the Court err in construing each message to meet all messages without exception? In reaching this construction, the Court essentially adopted the decision of the IBM Court 13 years earlier. That decision, noteworthy, was issued before this Court's en banc decision in Phillips, which unequivocally states that the plain meaning of the term must be from the perspective of someone skilled in the art in light of intrinsic record. Can I just tell you what I've been concentrating on here? It seems to me that to overturn Judge Young's claim construction, you need to present a defensible alternative construction that would, in fact, result in a possibility of infringement. And in your opening brief, you present two alternatives as your constructions. One is where you do cut through switching. That seems to me can't possibly be the alternative because it's tautological. It doesn't add anything at all. The other one, do cut through switching when conditions permit. Here's what I want to ask you about. First of all, you don't repeat that in the reply brief. And what I'm concerned about that one is that at least as to some of the features of the accused system listed on, I think, page A-16 of Judge Young's opinion, that would not seem to preserve any possibility of infringement. In particular, the uncontroverted allegation that Cisco allows the user of the system to program it to say don't do cut through switching in certain circumstances where it would be possible, but we just don't want you to do it. And so I don't understand how that alternative possible implied wherever possible condition produces a basis for saying there's no infringement. Well, Your Honor, the claim one is addressing, when it addresses the cut through, it addresses it in terms of each message. So each message is one of a group. Our position is that it's referring to every one of a group. And that group are the messages that are undergoing cut through switching. What kind of sense is that? Then the claim is saying do cut through switching wherever you do cut through switching. That can't be an implied condition. That means no condition at all. Well, it's not a condition, Your Honor. What it is is that each message is describing the circuitry, the functionality of a message going from the input circuit to the output circuit. It's a way of describing precisely the functionality of a cut through circuit. One skill in the art, looking at the patent, would understand that there's different groups of messages that we're talking about here. The first group of message, the ones that are undergoing cut through switching, are those that are discussed in claim one. The one in skill in the art has to go no further than claim two to see that there's another group of messages out there, a group of messages that are received during a contention situation in which those are stored and forward. So one skill in the art... Wait, so you're saying the dependent claim covers something other that's not in the independent claim, claim one? It covers different functionality, Your Honor. What we have here is a system claim with functionality. There's a circuit that performs cut through switching. That circuit is described in terms of messages that are being cut through switched. So we're referring to each message that's being cut through switched. The very next claim talks about a different type of message, a message that's stored and forward. It's a different circuit. It's an add-on to the system in claim one. So we've got claim one. We talk about the circuitry that deals with cut through. We talk about each message in that cut through circuit or each message subject to that cut through circuitry. Claim two goes on to a contention situation where there's a different type of message received, clearly a different type. It doesn't even use the antecedent basis from claim one. It's another message, and that's subject to store and forward. Likewise, one skill in the art would look through the application, through the patent specification, and understand that the preferred embodiment clearly contemplated different types of messages, those that are being cut through switched and those that are stored and forward. Indeed, a substantial amount of the patent is dedicated to a situation in which the messages that are received are not cut through switched but are rather stored and forward. Does that answer your question, Your Honor? Let me think about it. Thank you. On the question of whether the preferred embodiment is included, your friends on the other side say that this is not interpreted so as to exclude the preferred embodiment. Does that accord with what you've been telling us? No, Your Honor. It does exclude the preferred embodiment. Even the judge recognizes that it doesn't include the preferred embodiment in his decision. It excludes the preferred embodiment. In the preferred embodiment, there's only one preferred embodiment, and it's clear that there are circumstances in which messages are not cut through switched, in which they're stored and forwarded. This idea that there could be a path established from the input circuit to the output circuit through a buffer, that doesn't agree with... When you get down to the claim language, when you talk about the antecedent basis, we talk about the message being... In Claim 2, when we talk about a buffer, Claim 2 refers to a different type of message. It doesn't use the same antecedent basis that was used in Claim 1 in Claim 2. So clearly, in Claim 2, we're talking about sending this to a buffer. It's about a different message, as the claim language indicates. So no, I don't think there's any support for the position that the current interpretation does not exclude the preferred embodiment. It clearly does. But the district court thought that your prosecution history didn't permit that scope. Your Honour, I believe that the judge agreed with us that it was not limiting. I think the exact language was, we have no reason to disbelieve that the amendment was not narrowing. And it really wasn't. And I can summarize very quickly what that amendment was all about. The claims as originally filed, they had a claim limitation where we talked about a path being established between some input circuits and the identified output circuits. So it's a path, a path, between some input circuits and the identified output circuits. In the amendment, what the applicant did was say, no, we've got a path between an input circuit and an identified output circuit. And that's what was argued. It corrected the claim. The claim was nonsense before. It corrected the claim and then argued that precise language where each message is transferred from an input circuit to an output circuit in connection with cutthroat. So there was no argument that we are somehow disclaiming all messages or some messages. It was clear that it was only for the purpose of clarifying the claim. And this court requires a clear disclaimer in the prosecution history. It's far from a clear disclaimer. And I'd also like to emphasize too that we're not trying to change the claim term here. We're not looking for each to be some. That's not our position. We think the term each message is fine. It adds precision to the claim. And during the Markman hearing, and it should be understood that the interpretation of each message changed in the summary judgment. That's why we're having to respond to that change in this appeal. We were very content with the Markman hearing. In the Markman hearing, the interpretation of each message came up and it was decided, well, I'm not going to go beyond each message, the judge said. We're going to say each message means each message and we're not going to go beyond that and say each means each and every message. We then asked the judge, while we're concerned that the defendant may try to stretch each message to mean each and every message, the judge said, I will not read the preferred embodiment out. My construction will agree with the preferred embodiment. So we left the Markman hearing understanding that each message was each message, that it would agree with the preferred embodiment, that it was not going to read the preferred embodiment out. During the summary judgment motion, each message becomes all messages without exception. We submit that there's no basis for that in the specification. How many exceptions are allowed in your view? Well, there's at least one exception that's detailed extensively in our preferred embodiment and that's in the situation of a contention situation, when the output circuit's already occupied. What though is the definition of the exception? If each in claim one doesn't mean, and I don't actually understand the difference between each and each and every. So if it doesn't mean each and every, don't give me just examples, but what is the alternative meaning of for each? Or is there some other language in claim one that you think gives you an opening to cover systems that do not in fact do cut through routing of each message that comes into the router? Well, the language each message is in connection with just the cut through routing. So I would submit that each means every one of a group or aggregate. What's that group? Define the group. That group would be, in this situation, those messages undergoing cut through switching or messages... Help me understand. I guess I react to that by thinking you've just completely erased the phrase because it's completely tautological to say do X for each thing for which you do X. The purpose of each message was to provide clarity on what was happening for the message. It wasn't intended to limit the type of messages that are being subject to that circuitry. Each message is a way of describing with particularity what is happening to a message within a circuit. It's used ubiquitously in patent law to describe what's happening. It gives precision to a claim. So by using each message, the author is able to precisely describe what's happening to that message. Can I just return for a minute to where I started? When I noted that in your blue brief you present two alternative constructions and then in your reply brief you don't talk about the second one, the where conditions permit, I think in your answer you again did not advance that where conditions permit alternative construction. Can I assume that that's no longer being advanced as an alternative construction? Your Honor, I would say they're very similar. The first one, under conditions, that was advanced initially in the context of an infringement analysis or an infringement position to address a part-time infringement. And that's essentially where our position comes from is a part-time infringement position. So in the summary judgment in our part-time infringement our position was that there are circumstances under which every message will be cut through switch. And we think as a related construction if you wanted to take that as being the infringement position and then apply or frame that in terms of a construction it's essentially every message is defined every message, sorry, each message is every one of the messages that's being cut through switch. So we think they're related. One came from the initial interpretation came from our brief or our argument in connection with the infringement position, part-time infringement position and now that the definition of each message or the construction of each message has changed we've now modified that and that's our claim construction that we'd like to focus on. It might be a factual question, I'm not sure. Could buffering occur only for so limited a period of time that it's done before a long message comes into the input circuit so that you could actually start switching it before the full message had gotten into the input circuit and yet buffer so that claim two could in fact involve buffering and sending the message from the input to the output before the full message has arrived at the input or are those two things simply inconsistent? I don't believe they're inconsistent I don't believe that that fact is relevant to the products that we're talking about right now these products but I don't believe that it's possible, Your Honor. But if that's the situation isn't that a way to reconcile Judge Young's reading of claim one with claim two? No, Your Honor, because claim two it's clear that that message is a different message it's not the same message as in claim one it specifies that the message in claim two is a message received when the output circuit is busy so it's a different message and that message is being buffered I'd like to... Why don't we hear from the other side and we'll restore two minutes of rebuttal Thank you, Your Honor Mr. Downs Good morning, Your Honor It's Tony Downs on behalf of Cisco Systems May it please the Court Two experienced district court judges have examined this claim language and the evidence the intrinsic evidence and agreed that the phrase for each message received by said input circuits is unambiguous and should be construed according to its ordinary meaning of each meaning every message received by Cisco Is there a way to reconcile I think there's only one paragraph in your red brief that tries to really reconcile and give life to the otherwise dormant independent dependent claim two and even the preferred embodiment kind of along the lines that Judge Taranto was suggesting in his question but you don't seem to really embrace that or develop that I think it's fair that after we saw their response and actually until I heard Judge Taranto's possible alternative I don't know whether you could reconcile those two claims although what you propose seems to us that it might be one way to do it so we're not relying on that ability to reconcile claim one and claim two but let me just say that the notion here that there's some different group of messages that applies to claim two is clearly wrong because claim one refers to for each message received by said input circuit so everything that applies in claim one is for each message received by the input circuit that message would then also be subject to claim two there is no separate group of messages Can I just ask and I haven't focused on this enough in advance to have to have a clear thought is it possible that the input circuits referred to in claim two don't have to be the same input circuits that are referred to in claim one so the input circuit if I look at the language of the claim the input circuit or is the antecedent basis necessarily the very same input circuit if you actually look at the claims claim 1b talks about said some of said message router nodes being connected to said processing element said message router nodes each including I'm sorry, what are we looking at now? claim 1b I see, yeah it's at the bottom 1b said message router nodes each including a plurality of input circuits each connected to one of said communication links and then then little three says a switch connected to said input circuits for each message received by said input circuit right, so far what you have is a system that has to have a bunch of input circuits and as to that bunch the following thing has to happen now turn to claim 2 yes maybe the input circuits referred to in claim 2 or tell me why if not are a different bunch of input circuits group is probably a less informal word than bunch or is that not and not actually what buffering is doing that buffering is actually supposed to take care of roughly speaking the impossibility situation on the very same input circuits I think though I think that the said input circuits are the input circuits connected to the of the message router node all of them it's not some other subset so although this goes counter to my interest because I'd like to have claim 2 to be consistent with claim 1 but I think that it was meant to refer to the same thing and what happened is when they amended the claim and they chose the wording that they chose to specifically move the for each message received by said input circuits up to apply to each of decoding establishing and maintaining they may have created a problem for themselves but I admit Judge Toronto I have not considered the alternative that you proposed today that possibility of it might actually be able to occur within the context of a message that is switched according to the claim one language but in under this course precedent it doesn't really matter because when the language is unambiguous and there has been no suggestion of any ambiguity here for the word each even Mr. Driscoll admits that the word each has an ordinary meaning of each and every one of a group and the claim defines the group specifically as being each message received by said input circuits and the only way in is through these input circuits so therefore all the messages every message has to go through the three steps of decoding establishing and maintaining and under the undisputed facts we don't infringe that do you agree and I don't think your red brief directly or maybe even indirectly denied this that there isn't a real world possibility of a switch in which every single message coming into an input circuit gets cut through we because because there are going to be busy there's going to be busy output circuits we don't agree with that first of all there's no expert testimony they don't say anything but I thought you kind of conspicuously stopped short of saying oh yes this is perfectly possible well I hate to say technically what's possible or what's not but I can imagine scenarios where for example you're able to filter out corrupted packets before they arrive at the input circuits or for example where you might have a switch that has two input circuits but 15 redundant output circuits so that there's never any contention you can always send a message out to a destination so I'm not the scientist there are ways I believe that you could design a switch that would satisfy the sign language but we're not it and in fact one of our issues is that our system is designed specifically that for any packet in any circumstance under any operational conditions that's less than 80 bytes it will be completely stored before it is moved on so we cannot infringe we do not infringe and there's really no dispute about the facts here about whether or not we don't infringe under those facts the impossibility they didn't try to prove it below with testimony and I don't think it's the case and I don't think you can just assume that it's the case I was going to go line by line through the actual amendments they made in the file history but I won't do it because we should have a chart at page 35 of our brief which really shows that they made a very conscious choice to move the for each message language well maybe I will since you're turning to it it's page 35 of our red brief they made a conscious choice to put that for each message phrase above the three steps and indicated that it applied to each message as is undisputed under Judge Young's claim construction and this wasn't a mistake because at the same time they made this amendment they themselves submitted the Kermani reference to the patent office and the Kermani reference it's in the record if you look at it it is actually called cut-through switching that's where cut-through switching the name came from and it talks about switching some of the messages and buffering others when there's contention so by making this language read each there is a rationale and it was found by Judge McMahon and Judge Young didn't rely on it specifically but there is a rationale that would explain their decision to make each message subject to the cut-through switching requirements and that would distinguish the Kermani reference so it's not irrational there is a deliberate choice they made to change this language they're now trying to run away from it that's why we're here they're trying to run away from what they did and I submit that the public notice function here is very important putting aside collateral estoppel ten years ago Judge McMahon looking at this language said it means each means each Judge Young has done the same here the public looking at it would apply the ordinary meaning and that's what we're asking this court to do and the court's own precedent has said over and over we do not rewrite the claims even if it excludes the preferred embodiment even if it creates some problem for invalidity in the famous cases where you construed the bread baking patent to basically literally burn the bread to a crisp because that's what they showed it's indisputable that at some point the language is so clear precise there is no linguistic alternative and in particular no single linguistic alternative that you can find a way around the language short of that there is often room for taking account of what seems to me at least that in this case beyond the language here there are very strong arguments on the other side that not every single message needs to do this it seems quite counter to what the patent as a whole is about but this may be a case in which the language and I think Judge Young effectively found this or concluded this that the language is you can't get around it I think your honor though you asked the question to the other side which I don't really answer that question did they were they able to come up with any other meaning of each that made any sense no what they're having to do is instead rewrite the claim either to make it meaningless the messages that are undergoing cut through switching it's meaningless it's circular as you said or this under conditions that permit cut through switching which is again it's the same way of saying the same thing it's also circular and it's rewriting the claims if that is what they had wanted to say they could have said it and keep in mind also that the claim itself refers uses the word each when it wants to use each and uses some of when it wants to use some of so they knew that there was a difference in the language that they were adopting here and there's no basis I submit no clear disclaimer no special definition of each that you would normally look for to apply something other than the plain meaning and they even agree on our meaning of the word each as every one of a group and the group is defined by everything that's arriving at the switch so I would you know again refer to the court to the electra instruments lucent technologies the helm surfer case the line of cases which even when the embodiments were excluded it was based on the claim language and the public notice doctrine I think I submit is very important in this case part-time infringement shouldn't apply either because that's really just reading out the meaning of the word each they're saying some sometimes if we do it sometimes then we infringe but as I pointed out at least you can't you shouldn't read out the language of the claim but also in addition there's no dispute that with respect to messages that are 80 bytes or less they are always under all circumstances stored and forwarded there's no exception and their doctrine of part-time infringement would mean would the following layperson description be accurate or inaccurate if the message is that short there's just not enough time to do the switching before the rest of the message arrives I don't know that that's the case it's a time thing but it's a design factor it may have to do with in the accused in the accused device right so we actually default is normally 128 bytes which is you know there are many messages the formatting of the ethernet packages which are at issue here allows for messages smaller than 128 smaller than 80 and in fact there are such messages that routinely go through and so those are never cut through switch under any circumstances so there is no operating conditions under which each message arriving at said input circuits are received by said input circuits is cut through switch there just is no such mode and I also pointed out that the claim constructions that you're addressing on appeal they were not raised to him and Mr. Driscoll talked about Judge Young's initial comment during the Markman hearing but he then later on explicitly focused on the words each and came up with a clear decision on the context of summary judgment correct right so those arguments were not made in the context of claim construction because that wasn't where Judge Young seemed to be going basically he was focused on a certain set of elements that were in front of him at that time and he didn't reach a final decision specifically on this each issue and there's even a reference in the Markman transcript saying I may have to look at this again later and he told me each is not ambiguous and so later on he did focus on it in summary judgment and he construed that term specifically according to what you see in the summary judgment opinion. So I would say that whatever remarks he made during Markman again that's not final but his decision on summary judgment was where he set up. So with respect to the collateral estoppel we're really only relying on that if you disagree with the claim construction. I'm not going to spend much time on it but we think that Your Honor is correct their proposed claim constructions are clearly wrong, the language is unambiguous and the judgment should be affirmed. Thank you. We are not trying to run away from our claim construction or from our claim language.    modified and in fact we agree that each means every one of a group. So we're not trying to run away from our claim construction or from our claim language. So looking at the claims, claim one addresses cut through switching. Each message in that circuitry that's addressing the cut through switching is a message that undergoes cut through switching. That's the group that we're talking about. Claim two describes another group of claims. Can I just clarify something? Cut through switching is a that's not claim language. That's a shorthand as I understand it that's being used for the longer language in the little I I I. That's correct. So just let me just say again what troubles me about that proposal on your part. It seems to me to be tautological or circular. You're suggesting that this says switch connected to set input circuits for for each message received by the input circuit doing what the rest of the claim requires for those messages for which we do the rest of the what the claim  for each message. That alternative wouldn't make this circular. It's not circular because the term each is being used the description there is to provide the reader with an understanding of what's going on in the circuitry. It's to say each message we're able to add a great deal of precision to what we're describing in the claim. So we're able to say each message is I'll put in what I'm saying each message that's undergoing cut-through switching will be decoded and its output circuit defined. Then the path will be established from the input circuit to the defined output circuit and it will be transmitted until the message is received at the output circuit. So the fact that we're saying that each message is being cut-through is not circular. Each message is not there to add any limitation other than as a vehicle to describe to you what's going on. Remember this is a system claim. This is a piece of hardware. So what we're doing is we're describing a message to you and what happens to that message? In order to describe the hardware to you, in order to describe the circuitry to you, this is not about the message itself. The message is just a messenger in some sense. It's just there to describe the circuit. It's a way for us to describe the circuit to you. So that's how there can be a different group of messages. One for cut-through and one for distance. We have to keep the context of the claim in mind. I would also like to mention that... I think that's the time. Thank you. Thank you. The case is submitted.